## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

GUILLERMINA COELLO; JOSE
VALSECA, PPA GUILLERMINA COELLO;
AND JACK VALSECA, PPA
GUILLERMINA COELLO,

               Plaintiffs,

   v.

CONAGRA FOODS, INC.,

             Defendant.

Civil Action No.
3:15 - CV - 83 (CSH)

**MARCH 11, 2015**

### ORDER

**HAIGHT, Senior District Judge:**

### I. BACKGROUND

In this products liability action, Plaintiff Guillermina Coello seeks monetary damages from

Defendant ConAgra Foods, Incorporated ("ConAgra") for injuries she allegedly sustained as the

result of a kitchen fire on October 16, 2014, in a residence in West Haven, Connecticut.  She brings

this action on her own behalf and as guardian of her two minor sons, Jose Valseca and Jack Valseca.

In particular, Plaintiff alleges that the fire "was caused by a PAM cooking spray canister designed,

labeled, manufactured, filled and/or sold by the Defendant." Doc. 1, ¶ 1.   In the Complaint, she

asserts the following causes of action: violation of the Connecticut  Product Liability Act, Conn.

Gen. Stat. § 52-572n, *et seq.,* based on, *inter alia,* ConAgra's design and manufacture of  the

allegedly hazardous PAM cooking spray canister*;* two claims for common law "bystander emotional

distress," one claim on behalf of each of her minor sons "PPA," "*per prochien ami*" (or "as next

1

friend and guardian"), in that her sons each "witness[ed] his mother . . . catch fire" and "suffered from bystander emotional distress;" and violation of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b, *et seq.*, alleging that ConAgra knowingly sold and marketed the unsafe PAM cooking spray.

On February 6, 2015, the Court directed the parties "to file and serve on or before February 27, 2015, affidavits regarding citizenship for federal diversity jurisdiction purposes" so that the Court could determine whether it has subject matter jurisdiction.[1]  Doc. 6.  In compliance with the Order, the parties submitted the requisite affidavits of citizenship [Doc. 9, 11]; and having reviewed them, the Court finds that it possesses "diversity of citizenship" subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Specifically, the parties have established that the action is between "citizens of different States" and the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(2).

## II.   AFFIDAVITS REGARDING CITIZENSHIP FOR DIVERSITY PURPOSES

Plaintiff Guillermina Coello has testified by sworn affidavit that, as an individual, her "only place of domicile" was, "as of October 16, 2014," and is "currently," 79 East Avenue, West Haven, Connecticut (the "West Haven address").[2]  Doc. 9, ¶¶ 3-5.  In light of her domicile in Connecticut

---

[1]  The parties were instructed by the Court to serve affidavits indicating their citizenship on the date this action commenced.  *See, e.g., Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) ("In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced.").

[2]  The Complaint indicates that the kitchen fire which allegedly gave rise to Plaintiff's injuries occurred at the same West Haven address where Plaintiff and her sons are domiciled.  The fire occurred on October 16, 2014, and Plaintiff filed this action on January 20, 2015.  Because Plaintiff was domiciled "[i]mmediately prior to the subject accident . . . at 79 East Avenue, West

2

– her "true, fixed and permanent home and place of habitation," *Martinez v. Bynum*, 461 U.S. 321, 331 (1983) – at the commencement of this action, Plaintiff is a citizen of Connecticut for diversity purposes.

As to Plaintiff's citizenship as "plaintiff guardian" or "next friend" of her sons, Jose Balseca and Jack Balseca, 28 U.S.C. § 1332(c)(2) provides that "[f]or purposes of this section," governing citizenship for diversity purposes, "the legal representative of an infant . . . shall be deemed to be a citizen only of the same State as the infant." 28 U.S.C. § 1332(c)(2). The Court must therefore determine the citizenship of the two minors at issue. Plaintiff has demonstrated that both she and her sons are domiciled in Connecticut and are thus citizens of Connecticut for diversity purposes. "Since most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents." *Mississippi Band of Choctaw Indians,* 490 U.S. 30, 48 (1989). In the case at bar, Jose Balseca and Jack Balseca are, and were at the commencement of this action, domiciled with their mother at the West Haven address. Doc. 9, ¶¶ 3-5. Plaintiff's custody and guardianship of the two boys is undisputed in that their father "abandoned [Plaintiff] and [her] boys . . . many years ago and his whereabouts are unknown." Doc. 9, ¶ 6. It thus follows that Plaintiff is also a citizen of Connecticut in bringing this action as "plaintiff guardian" or "next friend" of her sons.

With respect to Defendant ConAgra Foods, Inc. ("ConAgra"), Scott E. Messel, an executive of that corporation, has testified by sworn affidavit that ConAgra was incorporated solely in the State of Delaware and has its principal place of business located at One ConAgra Drive, Omaha,

---

Haven, CT" and "currently" remains domiciled at that address, the Court deduces that she was domiciled at the West Haven address when she commenced this action. *See* Doc. 9, ¶¶ 3-5.

Nebraska.[3]  Doc. 11, ¶¶ 5-9.  For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  ConAgra is thus a citizen of both Delaware and Nebraska for diversity purposes.

Messel also informed the Court that "ConAgra is licensed to do business in the State of Connecticut and does business in the state of Connecticut."  Doc. 11, ¶¶ 10-11.  "The fact that a foreign corporation is authorized or licensed to do business in a state does not, however, make it a citizen of that state." *Arab Int'l. Bank & Trust Co., Ltd. v. National Westminster Bank Ltd.*, 463 F.Supp. 1145, 1148 (S.D.N.Y. 1979).  Absent formal incorporation in Connecticut, ConAgra is not a citizen of Connecticut simply because it is licensed to do business there.  *See, e.g., Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir.1985) ("for diversity purposes, the requirement that 'a corporation shall be deemed a citizen of any State by which it has been incorporated' refers to the state in which the appropriate regulatory agency has issued a certificate of incorporation or other legal document signifying that the corporation has been properly established pursuant to that state's law, and . . . no further inquiry is appropriate"); *In re Paulsboro Derailment Cases*, No. 13–208 (RBK/KMW), 2013 WL 6903958, at *4 (D.N.J. Dec. 31, 2014) ("Although a corporation might have 'residence' based upon state statutes that provide for domestic corporate status, such residence does not equal citizenship for purposes of diversity jurisdiction.") (citing *Arab In'tl Bank & Trust Co.*, 463 F.Supp. at 1148). Complete diversity exists between

---

[3]  Messel indicated that he is "Sr[.] Vice President, Treasurer and Assistant Corporate Secretary" for ConAgra.  Doc. 11, ¶ 2.  Moreover, he is "authorized by ConAgra to submit this Affidavit on its behalf in response to the Court's Order [Doc. 6]."  *Id.*, ¶3.

4

Plaintiff, in her individual and guardian capacities, and Defendant.

With respect to the amount in controversy, as discussed in the Court's prior Order [Doc.6, at 10], Plaintiff has requested compensatory damages in the amounts of $10 million for herself and $1 million for each of her sons, totaling $12 million in compensatory damages.   Doc. 1, Part IV., ("Prayer for Relief"), ¶¶ 1-3.  She also seeks punitive damages for product liability violations under Conn. Gen. Stat. § 52-240b, and "Double/Treble damages and attorney's fees" pursuant to CUTPA, Conn. Gen. Stat. § 42-110b. *Id.*, ¶¶ 4-5.  Plaintiff's requested damages, combined with the grievous nature of her alleged physical injuries, support the Court's finding that the jurisdictional amount of $75,000 is satisfied.

### III.  <u>CONCLUSION</u>

The Court has confirmed its subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a)(1).  Complete diversity exists between the parties and the amount in controversy exceeds $75,000.  Consequently, the stay of deadlines is lifted and the case may proceed.

The parties are hereby ORDERED to comply with their obligations pursuant to Local Rule of Civil Procedure 26(f)(1), namely  to confer "[w]ithin thirty days after the appearance" of the Defendant. D. Conn. L. Civ. R. 26(f)(1).  The Court notes that counsel appeared on behalf of ConAgra on February 27, 2015, during the period in which case deadlines were stayed so that the Court could determine whether it has subject matter jurisdiction. *See* Doc. 10 ("Notice of Appearance" of counsel on behalf of ConAgra, filed 2/27/2015). Therefore, the parties must confer within thirty (30) days following the entry of this Order – on or before **April 10, 2015.**  "Within fourteen (14) days after the conference," the parties shall jointly complete and file a report in

5

the form prescribed by Form 26(f).  *See* D. Conn. L. Civ. R. 26(f)(1).

      It is SO ORDERED.

Dated: New Haven, Connecticut
      March 11, 2015

                               */s/Charles S. Haight, Jr.*
                               CHARLES S. HAIGHT, JR.
                               Senior United States District Judge