## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUILLERMINA COELLO, <br> JOSE BALSECA, PPA GUILLERMINA <br> COELLO AND JACK BALSECA, <br> PPA GUILLERMINA COELLO <br>     Plaintiffs <br><br> v. <br><br> CONAGRA FOODS, INC. <br>     Defendant | CIVIL ACTION NO. <br> 3:15-CV-83 (CSH) <br><br><br><br><br> APRIL 22, 2015 |

### FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | January 20, 2015 |
| Date Complaint Served: | February 20, 2015 |
| Waiver of Service of Summons: | February 20, 2015 |
| Date of Defendant's Appearance: | February 27, 2015 |
| Answer Filed: | March 23, 2015 |
| Amended Complaint Filed: | April 3, 2015 |
| Answer Filed: | April 9, 2015 |

The plaintiffs, Guillermina Coello, Jose Balseca and Jack Balseca ("Plaintiffs"), and the defendant, ConAgra Foods, Inc. ("Defendant") hereby submit their report of their Rule 26(f) Planning Meeting.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38 a conference was held on April 10, 2015. The participants were John Mills, counsel for Plaintiffs and Kristin Connors and Brian Boulet, counsel for Defendant.

I. Certification:

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. Jurisdiction:

A. Subject Matter Jurisdiction:

This Court has determined pursuant to an order dated March 11, 2015 that it is vested with jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a). The plaintiff will show that venue is proper in this Court, pursuant to 28 U.S.C. Section 1391(a).

B. Personal Jurisdiction:

The defendant is not contesting personal jurisdiction in this case.

III. Brief Description of the Case:

A. Claims of the Plaintiff:

This action is a claim for injuries against the Defendant pursuant to the Connecticut Product Liability Act, C.G.S. §§ 52-572m et seq. Plaintiff claims that on October 16, 2014, at approximately 5:46 p.m., while cooking on the front left stovetop burner located in the kitchen, one can of PAM that was located on the countertop to the left of the stove and near the back wall of the counter and well away from the stove over pressurized and vented causing a fire to the residence and causing first, second and third degree burns to the plaintiff's face, chest, right arm, right hand, right leg and right foot. Plaintiff claims that it was negligent of the Defendant to design, manufacture and sell the PAM canisters which over-pressurized and vented, spraying its flaming contents.

B. Defenses and Claims of Defendant

Defendant denies that the PAM canister or cooking spray was in any way defective. It also denies any liability under the Connecticut Product Liability Act, the Connecticut Unfair Trade Practices Act (CUTPA) or at common law for the Plaintiffs' injuries.

It asserts multiple affirmative defenses, including that the product provided adequate warning regarding the risks of use, that the risks were open and obvious to the user, that the Plaintiff Guillermina Coello failed to read and/or heed the warnings and instructions for use posted on the canister, and that the

product was misused or used in an unauthorized manner by the Plaintiff Guillermina Coello. The defendant states that the PAM cooking spray canister complied with all applicable federal standards and regulations at the time of the accident. Please see the Defendant's answer dated April 9, 2015 for a full listing of affirmative defenses to the Plaintiffs' Amended Complaint.

IV. <u>Statement of Undisputed Facts</u>:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state the following material facts are undisputed: The Defendant is a corporation incorporated in the State of Delaware with a principal place of business in Omaha, Nebraska. The Defendant is in the business of selling food products, is licensed to do business in the State of Connecticut and does business in the State of Connecticut.

V. <u>Case Management Plan</u>:

A. <u>Standing Order on Scheduling in Civil Cases</u>:

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

B. <u>Scheduling Conference with the Court</u>:

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. <u>Early Settlement Conference</u>:

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference, but a settlement conference may become appropriate and helpful at some future date.

3. If a settlement conference becomes appropriate, the parties prefer a settlement conference with a magistrate judge.

4. The parties do not request a referral to alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. <u>Joinder of Parties and Amendment of Pleadings</u>:

1. The Plaintiff does not intend to join additional parties.

2. Defendant should be allowed until January 19, 2016 to file motions to join additional parties and until 14 days after the filing of an amended pleading by the plaintiff to file an amended answer in compliance with Fed. R. Civ. P. 15(a)(3).

E. <u>Discovery</u>:

1. The parties anticipate that discovery will be needed on the following subjects:

a. The Plaintiff needs discovery regarding who was charged, if anyone, to oversee the quality control of the production of the PAM canisters, and who inspected said canisters; whether that person/entity had instruction regarding the

extent of supervision and/or control the defendant may have exerted in the production and manufacturing of the PAM canisters and the filling of the canisters with any product; whether there were any records/reports/complaints in the defendant's possession at the time of the fire or prior thereto regarding the manufacturing of the PAM canisters; and related matters.

The Defendant must conduct discovery regarding the facts and circumstances surrounding the accident on October 16, 2014, analysis of the PAM cooking spray canister in question and the Coello kitchen generally, and the nature and extent of the Plaintiffs' injuries. Further discovery will likely be needed as more facts become available during the discovery process.

b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by June 1, 2015 and completed (not propounded) by April 1, 2017.

c. Discovery will not be conducted in phases, except as indicated by the parties' disclosure of experts as stated in subsection (E)(g) and (E)(h).

d. Discovery on _____ will be completed by [date]. See parts b and c, above.

e. The parties anticipate that the Plaintiffs will require and total of 10-12 depositions of fact witnesses and that the Defendants will require a total of 15-20 depositions of fact witnesses. The depositions will commence by June 1, 2015 and will be completed by January 1, 2017.

f. The parties will request permission to serve more than 25 interrogatories.

g. The Plaintiff is unsure at this time how many experts may be needed to be disclosed and deposed. The Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by a date not later than December 15, 2015. Depositions of such experts will be completed by a date not later than May 1, 2016. Plaintiffs' counsel will provide three alternative dates for each expert's deposition at the time of the disclosure and the filing of the report of each expert.

h. Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 1, 2016. Depositions of such experts will be completed by December 15, 2016. Defendant's counsel will provide three alternative dates for each expert's deposition at the time of the disclosure and the filing of the report of each expert.

i. A damages analysis will be provided by the Plaintiff by January 1, 2016.

j. Discussions concerning discovery of electronically stored information ("ESI") have begun and the parties agree that the process of production of ESI is not relevant at this time. The parties will agree on a complete procedure to govern the disclosure and preservation of electronically

stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information if and when it is determined that discovery of ESI will be an issue in this case.

k.   The undersigned have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties have agreed to the following discovery procedures for the minimization of the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production:

- any privileged information that is inadvertently disclosed by a party shall be promptly returned to the disclosing party or formally segregated from the other discovery documents and cannot be used by the recipient for any purpose, pending further order of the Court; and

- any party may file a motion with the Court to determine whether privileged information which is inadvertently disclosed may be used by the recipient or should be

returned or destroyed. Any party may also file a motion with the Court for a protective or confidentiality order.

- the parties will agree upon and submit to the Court for its approval and order a mutually agreed upon protective order to protect trade secret information and confidential/proprietary business and other sensitive information from improper and/or inadvertent use and/or disclosure.

F. <u>Dispositive Motions</u>:

Dispositive motions will be filed by April 1, 2017.

G. <u>Joint Trial Memorandum</u>:

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed on May 1, 2017.

H. <u>Trial Readiness</u>:

The case will be ready for trial by July 1, 2017.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

RESPECTFULLY SUBMITTED,

THE PLAINTIFFS, GUILLERMINA COELLO, JOSE BALSECA, and JACK BALSECA

By: _____
John W. Mills, Esquire
MILLS LAW FIRM, LLC
One Whitney Avenue
Suite 201
New Haven, CT 06510
Federal Bar No.: ct 11706
Telephone: (203) 776-4500
Facsimile: (203) 773-1811
Email: john.mills@millslawfirm.org

DEFENDANT,
CONAGRA FOODS, INC.

By: _____
Kristin Connors, Esq.
Carmody Torrance Sandak & Hennessey LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721
Telephone: 203-573-1200
Facsimile: 203-575-2600
kconnors@carmodylaw.com

**CERTIFICATE OF SERVICE**

I certify that on April 22, 2015, a copy of this pleading was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated by the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Kristin Connors