UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUILLERMINA COELLO,<br>JOSE BALSECA, PPA GUILLERMINA<br>COELLO AND JACK BALSECA,<br>PPA GUILLERMINA COELLO<br>    Plaintiffs<br><br>v.<br><br><br>CONAGRA FOODS, INC.<br>    Defendant | :<br>:<br>:<br>:       CIVIL ACTION NO.<br>:       3:15-CV-83<br>:<br>:<br>:<br>:<br>:       APRIL 22, 2015 |

## AMENDED COMPLAINT

**COUNT ONE:** (GUILLERMINA COELLO V. CONAGRA FOODS)

I.   **Introduction**:

Plaintiff, Guillermina Coello, brings this action to recover monetary damages for injuries she sustained as a result of a fire that occurred on October 16, 2014. The fire was caused by a PAM cooking spray canister designed, labeled, manufactured, filled and/or sold by the Defendant, ConAgra Foods Incorporated.

The PAM cooking spray was sitting on a countertop in the kitchen of the home located at 79 East Avenue, 2nd Floor, West Haven, Connecticut. The can of PAM cooking spray released its contents, causing serious injuries to Guillermina Coello, and causing extensive property damage.

The Plaintiff contends that the Defendant, ConAgra Foods, Inc. is liable to them, pursuant to the Connecticut Product Liability Act, C.G.S. § 52-572m et seq., for the defective condition of the PAM aerosol canister.

## II.   Jurisdiction:

This court has jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1332(a) and 1367. Plaintiff and defendant are citizens of different states and the amount in controversy on each claim exceeds $75,000.00, exclusive of interests and costs.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that the event at issue occurred in this district; and defendant ConAgra Foods, Inc. transacts business in the State of Connecticut.

## III.   Claims for Relief

1. On October 16, 2014, at approximately 5:48 p.m., the Plaintiff, Guillermina Coello, was in the kitchen of the residence located at 79 East Avenue, 2nd Floor, West Haven, Connecticut.

2. Guillermina Coello was cooking on the front left stovetop burner located in the kitchen. One can of PAM cooking spray had recently been purchased, specifically for use by Guillermina Coello.

3. There was only one can of PAM cooking spray located in the kitchen. The can was located on the countertop to the left of the stove and near the back wall of the counter and well away from the stove.

4. The defendant, ConAgra Foods Inc. ("ConAgra"), is a corporation with a principal place of business at One ConAgra Drive in Omaha, Nebraska.

5. ConAgra is licensed to do business and does business in the State of Connecticut.

6. ConAgra is one of America's largest food companies.

7. At all times relevant to the allegations in this complaint, ConAgra, was and is in the business of manufacturing, advertising and promoting the sale of various food brands, including PAM cooking spray.

8. At all times relevant to the allegations in this complaint, the defendant ConAgra, was, and is, a product seller within the meaning of C.G.S. § 52-572m.

9. ConAgra designed, manufactured, filled, and/or sold the canister of PAM cooking spray located on the countertop next to the stove.

10. Defendant ConAgra designed, manufactured, filled and/or sold the PAM cooking spray involved in the fire at issue for use by consumers in residential kitchens, and the defendant expected that the PAM cooking spray would be used in residential kitchens, including in the State of Connecticut.

11. At the time the defendant, ConAgra designed, manufactured and/or sold the PAM cooking spray involved in the fire at issue, the defendant expected the PAM cooking spray to reach its ultimate user without substantial change in the condition in which it was designed, manufactured and/or sold.

12. The PAM cooking spray reached its ultimate user, Guillermina Coello, without substantial change in its condition and was used in a reasonably foreseeable manner on October 16, 2014.

13. The canister of PAM over-pressurized and vented, spraying its flaming contents onto Guillermina Coello, and igniting a fire at the residence.

### A. INJURIES AND DAMAGES SUSTAINED BY PLAINTIFF

14. As a result of the fire, Guillermina Coello suffered the following injuries, some or all of which may be permanent in nature:

    a. First, Second and Third Degree burns to her face, chest, right arm, right hand, right leg, and right foot;
    b. Skin grafting;
    c. Scarring;
    d. Physical pain and suffering;
    e. Emotional distress.

15. As a further result of the fire and her resulting injuries, Guillermina Coello has incurred and will continue to incur medical expenses.

16. As a further result of the fire, Guillermina Coello has suffered a loss of earning capacity

17. As a further result of the fire, Guillermina Coello's ability to carry on and enjoy life's activities has been impaired.

### B. DEFENDANT CONAGRA'S LIABILITY UNDER THE CONNECTICUT PRODUCT LIABILITY ACT

21.   The PAM cooking spray involved in this fire, as designed, manufactured and/or sold by the defendant was defective in that it over-pressurized and vented flammable contents, creating a risk of fire and burn injury to persons using it.

22.   At the time ConAgra designed, manufactured and/or sold the PAM cooking spray in use on October 16, 2014, it knew of the risk of over-pressurizing and venting of the flammable product, and failed to advise purchasers and users of the dangerous condition of the product.

23.   At the time ConAgra designed, manufactured and/or sold the PAM cooking spray in use on October 16, 2014, it failed to accurately label and warn users that PAM cooking spray canisters may contain ingredients such as liquefied petroleum gas, propane, butane and/or ethanol and only listed "propellant" on the back under small print ingredients.

24.   At the time ConAgra designed, manufactured and/or sold the PAM cooking spray in use on October 16, 2014, it failed to accurately label and warn users that PAM cooking spray canisters contain "extremely flammable aerosol" that should not be exposed to temperatures in the range of 120 degrees.

25.   At the time ConAgra designed, manufactured and/or sold the PAM cooking spray in use on October 16, 2014, it failed to accurately label and warn users of the dangers and risks presented by PAM cooking spray canister and instead elected to place almost invisible warnings in small, yellow colored print on a yellow background.

26.   Guillermina Coello's injuries were caused by the defective condition of the PAM cooking spray as designed, manufactured and/or sold by the defendant ConAgra Foods.

27.   The defendant is liable to the Plaintiff for her injuries and damages pursuant to the Connecticut Product Liability Act, C.G.S. § 52-572n, et seq.

28.   The harm suffered by the Plaintiff was the result of the defendant ConAgra's reckless disregard for the safety of consumers using its PAM cooking spray, in that the defendant knew or reasonably should have known that the

cooking spray created a fire hazard, and despite such knowledge, the defendant sold PAM cooking spray for use by the public.

**COUNT TWO:   (BYSTANDER EMOTIONAL DISTRESS CLAIMS RE  JOSE BALSECA, PPA GUILERMINA COELLO)**

   1.-28. The allegations of Paragraphs 1 through 28, respectively, of the First Count are hereby incorporated, and made the allegations of paragraphs 1 through 28, respectively, of this, the Second Count, as if fully set forth herein.

   29. The plaintiff, Jose Balseca, is closely related to the injury victim, Guillermina Coello, in that Jose Balseca is her son.

   30.  As the plaintiff, Jose Balseca, is a minor, he brings this action through his next friend and guardian, Guillermina Coello.

   31. As a result of witnessing his mother, Guillermina Coello catch fire, the plaintiff, Jose Balseca, suffered from bystander emotional distress.

   32.   The bystander emotional distress was caused by the contemporaneous sensory perception of the event or conduct which caused Ms. Coello's injuries.

   33.   The injuries sustained by Ms. Coello were substantial, resulting in serious physical injury.

   34.   The plaintiff bystander, Jose Balseca, sustained a serious emotional injury as a result of witnessing his mother catch on fire and suffer serious injuries beyond that which would be anticipated in a disinterested witness and which was not the result of an abnormal response.

### COUNT THREE: (BYSTANDER EMOTIONAL DISTRESS CLAIMS RE JACK BALSECA, PPA GUILLERMINA COELLO)

1.-28. The allegations of Paragraphs 1 through 28, respectively, of the First Count are hereby incorporated, and made the allegations of paragraphs 1 through 28, respectively, of this, the Second Count, as if fully set forth herein.

29. The plaintiff, Jack Balseca, is closely related to the injury victim, Guillermina Coello, in that Jack Balseca is her son.

30. As the plaintiff, Jack Balseca, is a minor, he brings this action through his next friend and legal guardian, Guillermina Coello.

31. As a result of witnessing his mother, Guillermina Coello, catch fire, the plaintiff, Jack Balseca, suffered from bystander emotional distress.

32. The bystander emotional distress was caused by the contemporaneous sensory perception of the event or conduct which caused Ms. Coello's injuries.

33. The injuries sustained by Ms. Coello were substantial, resulting in serious physical injury.

34. The plaintiff bystander, Jack Balseca, sustained a serious emotional injury as a result of witnessing his mother catch on fire and suffer serious injuries beyond that which would be anticipated in a disinterested witness and which was not the result of an abnormal response.

**COUNT FOUR:**     **(CUTPA V. CONAGRA)**

1-28.  The allegations of paragraphs 1 through 28, respectively, of Count One are hereby incorporated and made the allegations of paragraphs 1 through 28, respectively, of this the Fourth Count as if fully set forth herein.

29.  The defendant, Conagra Foods, Incorporated, by its agents, servants, and/or employees, is legally responsible to the plaintiffs for the harm sustained by the plaintiffs, as set forth above, as a result of the defendant's routine course of unfair business practices in violation of C.G.S. Section 42-110b, et seq.

30.  The defendant knew that the PAM cooking spray that it sold and marketed to the commercial public, including the PAM cooking spray being used by the plaintiff, Guillermina Coello, was unsafe to use because it was prone to venting and spraying its highly flammable contents near a gas cooking flame, producing catastrophic fires, yet intentionally hid this defect from the public as part of a regular course of business in order to unfairly maximize profits and gain an unfair commercial advantage over its competitors.

31.  The defendant's conduct, in hiding the defective design of the PAM cooking spray, was intended to affect the decision of consumers to by its products.

32.  As a result of the defendant's misrepresentations as aforesaid, Conagra Foods, Incorporated deceptively maintained the price of its products at a level not otherwise obtainable and caused the plaintiff and other members of the

9

consuming public in general to pay more for the products they purchased than they otherwise would have paid in the absence of these misrepresentations.

33. As a result of the defendant's misrepresentations, the plaintiffs suffered financial loss.

## IV.    PRAYER FOR RELIEF:

Plaintiff requests the following:

1. Compensatory damages in the amount of $10,000,000.00 (ten million) dollars, plus costs for Guillermina Coello;

2. Compensatory damages in the amount of $1,000,000 (one million dollars, plus costs for Jose Balseca;

3. Compensatory damages in the amount of $1,000,000 (one million dollars, plus costs for Jack Balseca;

4. Punitive damages pursuant to CGS 52-240(b);

5. Double/Treble damages and attorney's fees pursuant to CGS 42-110b; and

6. Such other relief as the court deems appropriate.

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS, GUILLERMINA COELLO, JOSE BALSECA, and JACK BALSECA


By: _____ct11706_____
John W. Mills, Esquire
MILLS LAW FIRM, LLC
One Whitney Avenue
Suite 201
New Haven, CT 06510
Federal Bar No.: ct 11706
Telephone: (203) 776-4500
Facsimile:  (203) 773-1811
Email: john.mills@millslawfirm.org


**CERTIFICATE OF SERVICE**

I certify that on April 3, 2015, a copy of this pleading was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated by the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____ct11706_____
JOHN W. MILLS

11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUILLERMINA COELLO, ET AL<br>Plaintiffs | : CIVIL ACTION NO.<br>:<br>: |
| v. | :<br>:<br>: |
| CONAGRA FOODS, INC.<br>Defendant | : APRIL 22, 2015<br>: |

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civil P., Rule 38, Plaintiff in the above-captioned matter hereby demands a trial by jury on all issues.

        RESPECTFULLY SUBMITTED,
        THE PLAINTIFFS, GUILLERMINA COELLO,
        JOSE BALSECA and JACK BALSECA

    By: _____ct11706_____
        John W. Mills, Esquire
        MILLS LAW FIRM, LLC
        One Whitney Avenue
        Suite 201
        New Haven, CT 06510
        Federal Bar No.: ct 11706
        Telephone: (203) 776-4500
        Facsimile:  (203) 773-1811
        Email: john.mills@millslawfirm.org

## CERTIFICATE OF SERVICE

I certify that on April 22, 2015, a copy of this pleading was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated by the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____ct11706_____
JOHN W. MILLS
