UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUILLERMINA COELLO, *et al.*,<br>    Plaintiffs,<br><br>    v.<br><br>CONAGRA FOODS, INC.,<br>    Defendant. | No. 3:15-cv-83 (SRU) |

# ORDER

On January 20, 2015, the plaintiffs, Guillermina Coello and her minor children, Jose Valseca and Jack Valseca, filed a complaint against the defendant, Conagra Foods, Inc. ("Conagra"), alleging violations of the Connecticut Product Liability Act, Conn. Gen. Stat. § 52-572n, *et seq.*; bystander emotional distress claims on behalf of both children; and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a, *et seq*. (doc. 1) On October 23, 2015, the plaintiffs moved to amend that complaint to include a claim for loss of parental consortium. (doc. 37) Conagra made no objection. On December 28, 2015, I granted that motion. (doc. 38) An amended complaint including the loss of consortium claim was filed the same day. (doc. 39) Conagra now moves to dismiss the newly added claim. (doc. 41)

For the following reasons, Conagra's motion is **denied**.

**I.    Standard of Review**

  A. Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch*

*Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

**II.     Background**

In her initial complaint, Coello alleged that on October 16, 2014, she was cooking in her kitchen when a defective can of PAM cooking spray, which is manufactured by Conagra, exploded, causing her serious physical injuries and burning her home. *See* Compl. at ¶¶ 1–3, 7, 13, 14. Coello alleged that, as a result of her injuries, her "ability to carry on and enjoy life's

2

activities has been impaired." *Id.* at ¶ 17. She further alleged that her minor children witnessed the explosion and harm to their mother, causing them both serious emotional injuries. *See id.* at Count Two, ¶¶ 31; Count Three, ¶¶ 31.

On October 6, 2015, the Connecticut Supreme Court recognized a new cause of action for loss of parental consortium. *See Campos v. Coleman*, 319 Conn. 36, 40 (2015). On October 23, 2015, the plaintiffs moved to amend the complaint to include a claim for loss of parental consortium. (doc. 37) Conagra made no objection. On December 28, 2015, I granted that motion. (doc. 38) An amended complaint, which was substantially similar to the initial complaint and now included the loss of consortium claim, was filed the same day. (doc. 39) The new count states in full:

> At the time of her injury the plaintiff had two minor children: Jose Balseca (dob: 1/24/04) and Jack Balseca (dob: 8/10/06) who are already a party to this action. The plaintiff seeks to assert claims for loss of parental consortium.

It does not explicitly incorporate any previous paragraphs in the complaint. Conagra now moves to dismiss the newly added claim for failure to state a claim. (doc. 41)

**III.   Discussion**

As a preliminary matter, Coello points out that because Conagra's failed to timely object to her motion to file an amended complaint, Connecticut practice rules deem the complaint to have been filed on consent. *See* Pls' Opp'n Br. at 2–3 (citing *Carpenter v. Law Offices of Dressler & Associates, LLC*, 85 Conn. App. 655, 657 n.2 (2004)); *see also* Conn. Practice Book § 10-60(a)(3). State procedural rules do not affect Conagra's ability to file a motion to dismiss in federal court and, in any case, I am empowered to dismiss the new claim *sua sponte* if it indeed failed to state a claim upon which relief could be granted. Accordingly, I will consider the merits of Conagra's argument.

In *Campos*, the Connecticut Supreme Court explained that:

> parental consortium consists of both a parent's services to his or her children, such as cooking, driving or housekeeping, as well as such intangibles as the parent's love, care, companionship and guidance . . . .

319 Conn. at 50 (internal quotation marks and citation omitted). Conagra argues that the plaintiffs' new cause of action fails to allege adequate facts to show that Coello's minor children were deprived of any parental services or affections. Def.'s Br. at 3. The plaintiffs respond that the Amended Complaint, read as a whole, does make sufficient allegations to infer such losses. Pls.' Opp'n at 2. In particular, they argue that loss of parental consortium can be inferred from the allegations regarding Coello's serious physical injuries, which have continually impaired her ability "to carry on and enjoy life's activities." Am. Compl. at ¶¶ 14–17. I agree, and in the interest of efficiency, I decline to dismiss the consortium claim simply because, due to an apparent scrivener's error, it fails to explicitly incorporate the preceding portions of the complaint. Instead, I instruct the parties to treat the consortium claim as if it did incorporate such language. The plaintiffs may file a second amended complaint, should they wish to do so.

Accordingly, Conagra's motion to dismiss is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 7th day of March 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge