UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GUILLERMINA COELLO, ET AL. : | : | |
| | : | CASE NO. 3:15-CV-00083-SRU |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| | : | |
| CONAGRA FOODS, INC. | : | MAY 4, 2016 |
| | : | |
| Defendant, | : | |

**OBJECTION TO MOTION FOR ORDER RE:**
**DEFENDANT'S OBJECTIONS TO REQUESTS TO ADMIT**

Defendant ConAgra Foods, Inc. ("ConAgra") objects to Plaintiffs' April 13, 2016 Motion for Order Re: Defendant's Objections to Requests ("Motion") on two grounds. First, Plaintiffs did not confer with ConAgra prior to filing their motion. Second, Plaintiffs did not file a memorandum of law with their motion or otherwise state the reason(s) for their disagreement with ConAgra's objections. ConAgra requests that, to the extent the parties are unable to resolve ConAgra's objections, the Court set a briefing schedule prior to considering Plaintiffs' motion so that ConAgra may be informed of the basis for Plaintiffs' challenge to ConAgra's objections and have an opportunity to respond in substance.

**I.      Procedural History**

Plaintiffs state in the Motion that "all counsel previously held a lengthy conference call in order to go through each request to admit in an effort to narrow the terminology as much as possible as requested by the defense." This conference pertained to an earlier set of Requests for Admission, which was replaced by the present set of Revised Requests for Admission. The conference call referenced in the Motion was held on November 11, 2015 between Plaintiffs'

**ORAL ARGUMENT REQUESTED**
{W2679833;2}

counsel, ConAgra's counsel, and counsel for the plaintiffs in the <u>Schmidt v. ConAgra</u> matter, 3:14-cv-01816 (SRU). During that conference, the plaintiffs agreed to attempt to revise their requests in order to resolve objections. The plaintiffs stated that they would circulate a revised draft which could then be discussed if any requests remained objectionable. This, however, was not done. Instead, on December 29, 2015, Plaintiffs served their Revised Requests for Admission. Some of the objectionable aspects of the original Requests for Admission were cured; others, however, remained. On April 6, 2016, ConAgra answered the Revised Requests for Admission as best it could, given the nature of the Requests.

## II. The Motion Should Be Denied Because Plaintiffs Did Not Confer with ConAgra on the Objections at Issue

Federal Rule of Civil Procedure 37 requires the movant to confer with the objecting party prior to seeking an order regarding discovery objections. (<u>See</u> Fed. R. Civ. P. 37(a)(1).) The reason for this requirement is illustrated by ConAgra's objections and responses in this case. Many of ConAgra's objections are directed only to Plaintiffs' use of vague/ambiguous, undefined terms. (See Requests Nos. 2, 3, 8, and 10.) In these instances, ConAgra has objected to the problematic terms and answered to the best of its ability.

For example, Request for Admission No. 2 asks ConAgra to admit that PAM Original was sold "in both DOT-2Q vented and DOT-2Q non-vented containers." Plaintiffs use the terms "DOT-2Q vented" and "DOT-2Q non-vented" as if they refer to particular containers, which they do not. Accordingly, ConAgra objected to Plaintiffs' use of these terms and admitted that "PAM was sold in containers that met the DOT-2Q standard and that some of these containers were a vented design and others were not." ConAgra's response to this Request should render, from Plaintiffs' standpoint, the objection moot. If it does not, a conference is necessary to

discuss why it does not and whether the parties could resolve any remaining concerns by agreement. Plaintiffs did not confer with ConAgra concerning its objections to the Revised Requests for Admission prior to filing the Motion. Therefore, the Motion is premature and should be denied. (Fed. R. Civ. P. 37(a)(1).)

### III. The Motion Should Be Denied Because Plaintiffs Did Not File a Memorandum of Law.

Local Rule of Civil Procedure 7 states that "[a]ny motion involving disputed issues of law shall be accompanied by a written memorandum of law . . . ." Some, if not all, of ConAgra's objections concern issues of law.[1] Also, from a practical standpoint, Plaintiffs should be required to provide some explanation of why they believe objections should be overruled so that ConAgra can substantively respond; especially with regard to Requests to which ConAgra objected but nevertheless provided a response. Plaintiffs did not provide a memorandum of law addressing the reasons why they are asking the Court to overrule ConAgra's objections. Therefore, the Motion should be denied. (Local R. Civ. P. 7(a)(1) ("Failure to submit a memorandum may be deemed sufficient cause to deny the Motion.").)

---

[1] ConAgra's objections to Requests for Admission Nos. 5, 6, and 7 directly concern issues of law. ConAgra's objections to Requests for Production 2, 3, 8, and 10 are primarily focused on imprecision in the subject Request that renders a simple admission or denial impossible. However, depending on Plaintiff's (undisclosed) basis for contesting the objections, these may also implicate disputed issues of law.

**IV.     Conclusion**

For the foregoing reasons, ConAgra requests that the Court deny Plaintiffs' April 13, 2016 Motion for Order re: Defendant's Objections to Requests to Admit.  In the alternative, given that a telephone conference with the Court is scheduled for May 17, 2016, ConAgra respectfully requests that the Court: (1) defer consideration of the Motion until after the conference; and (2) set a briefing schedule that requires Plaintiffs to state the reasons why they are requesting the Court to overrule ConAgra's objections, so that ConAgra may respond to Plaintiffs' Motion in substance.

THE DEFENDANT,
CONAGRA FOODS, INC.


 /s/ Todd R. Michaelis (ct28821)
Todd R. Michaelis
Federal Bar No. ct28821
Carmody Torrance Sandak & Hennessey LLP
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT 06721-1110
Tel: 203-573-1200
Fax: 203-575-2600
tmichaelis@carmodylaw.com

## CERTIFICATION

This is to certify that on May 4, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

      /s/ Todd R. Michaelis (ct28821)
      Todd R. Michaelis